

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Ave, N.W.
Washington, DC 20530

June 15, 2015

**VIA ECF**

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Duka v. SEC,* No. 15-cv-357 (RMB)

Dear Judge Berman:

      We write on behalf of Defendant the Securities and Exchange Commission (the "SEC") in response to the Court's June 10, 2015 inquiry, ECF No. 40, regarding Judge Leigh Martin May's order granting a preliminary injunction in *Hill v. SEC*, No. 15-cv-1801 (N.D. Ga. June 8, 2015), and to Plaintiff's letter of June 10, 2015, ECF No. 39.

      In *Hill*, Judge May found that the SEC administrative law judge ("ALJ") presiding in the administrative proceeding against the plaintiff in that case is likely an inferior officer under the Appointments Clause of the Constitution. Because the Appointments Clause permits Congress to vest the appointment of inferior officers, as relevant here, in Department heads, and because the government acknowledged in *Hill* that the SEC ALJ in that case was not appointed by the Commissioners of the SEC, Judge May concluded that the ALJ's appointment likely was unconstitutional. *See Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 512-13 (2010) (holding that Commissioners are the SEC's Department head for purposes of Appointments Clause). She noted that her conclusion "may seem unduly technical" because "the ALJ's appointment could easily be cured by having the SEC Commissioners issue an appointment or preside over the matter themselves." *Hill*, slip op. at 44.

      This Court has asked what Judge May meant when she wrote that the "ALJ's appointment could easily be cured." Judge May appears to have been opining on the ease of remedying the likely constitutional defect in the SEC ALJ's appointment identified in her opinion. Judge May apparently believes that the Commissioners could, with little difficulty and consistent with the Appointments Clause, appoint the ALJ as if he were an inferior officer, preside over the administrative proceeding themselves or assign an individual Commissioner to do so. *See* 17 C.F.R. §§ 201.101(a)(5), 201.110 (providing that administrative proceedings shall

be presided over by the Commission itself, a panel of Commissioners constituting less than a quorum of the Commission, an individual Commissioner, an ALJ, or another duly authorized person); *see also* 5 U.S.C. § 556(b).

The government is likely to appeal the *Hill* preliminary injunction. Given the government's position that the SEC ALJ is a mere employee, and not an inferior officer who must be appointed in a manner consistent with the Appointments Clause, the government does not believe the SEC has any obligation to pursue the courses of action discussed by Judge May. Nor would the Commission be expected to do so at this time. Because appellate guidance on the propriety of the *Hill* injunction may be forthcoming if the Solicitor General approves the appeal, the government believes that the Commission should not act precipitously to modify its ALJ scheme. This is particularly the case when the SEC has over 100 litigated proceedings at various stages of the administrative process and the ALJ scheme has been in use for seven decades and is grounded in a highly-regulated competitive service system that Congress created for the selection, hiring and appointment of ALJs in the Executive Branch.

As to Plaintiff's June 10, 2015 letter, the government opposes Plaintiff's request that this Court enter a temporary restraining order enjoining the administrative proceeding, in which trial is scheduled to begin on September 16, 2015, pending adjudication of Plaintiff's anticipated motion for preliminary injunction. Plainly, there is no urgency here. And to the extent Plaintiff's request relies on Judge May's decision in *Hill*, we respectfully submit that *Hill* was wrongly decided. We will briefly address one of the errors in that court's reasoning.

The *Hill* court incorrectly determined that SEC ALJs are likely inferior officers. Despite finding that SEC ALJs have no final decision-making authority, the court concluded that SEC ALJs' "powers" are "nearly identical" to that of the Tax Court's special trial judges ("STJs"), who were held to be inferior officers by the Supreme Court in *Freytag v. Commissioner*, 501 U.S. 868 (1991). *See Hill*, slip op. at 40. But that is not so. As Defendant has already explained, STJs exercise a portion of the judicial power of the United States; they closely resemble federal district court judges and have the power to punish contempt by fines or imprisonment. *See Freytag*, 501 U.S. at 891. SEC ALJs' powers pale in comparison. For example, their power to punish contemptuous conduct is limited and does not include any ability to impose fines or imprisonment. *See* 17 C.F.R. § 201.180. And, while SEC ALJs may issue subpoenas, in cases of noncompliance, the agency would need to seek an order from a federal district court to compel compliance. *See* 15 U.S.C. § 78u(c). Moreover, SEC ALJs are subject to the Commission's plenary authority "over the course of [the] administrative proceeding . . . both before and after the issuance of the initial decision." *In the Matter of Michael Lee Mendenhall*, Securities Exchange Act of 1934 Release No. 74532, 2015 WL 1247374, at *1 (SEC Mar. 19, 2015). They are also subordinate to the agency on "matters of policy and interpretation of law." *Nash v. Bowen*, 869 F.2d 675, 680 (2d Cir. 1989). In sum, their authority in no way approaches that of STJs, even if they perform some of the same basic duties. And in concluding that SEC ALJs are nevertheless constitutional officers, the *Hill* court acknowledged that its reasoning conflicts with the only court of appeals decision to address the constitutional status of ALJs. *See Hill*, slip op. at

38-41 (disagreeing with *Landry v. FDIC*, 204 F.3d 1125 (D.C. Cir. 2000), which concluded that ALJs of the Federal Deposit Insurance Corporation are not officers of the United States).[1]

For the same reasons, the government further believes that there is no good cause for another round of briefing and hearing on a second motion for a preliminary injunction. Since the Court's ruling on Plaintiff's motion for a preliminary injunction on April 15, 2015, Plaintiff neither appealed from this Court's ruling nor pursued this case with any deliberate haste. Indeed, it was only after the parties had been negotiating for a month regarding whether they could potentially resolve this case without further litigation that Plaintiff indicated that she intended to amend the complaint (which she ultimately did on June 10, 2015) and seek to file another motion for a temporary restraining order and a preliminary injunction. This Court, however, has previously observed when denying Plaintiff's prior motion for emergency relief, that even had the Court not found that Plaintiff was unlikely to prevail on the merits, the Court nonetheless "would likely [have found] that she failed to demonstrate that the public interest weighs in favor of granting a preliminary injunction," Order at 15 n.13 (ECF No. 33) (April 15, 2015), in light of the vital role the SEC plays in "'protect[ing] investors and maintain[ing] the integrity of the securities markets," *United States v. Wittig*, 575 F.3d 1085, 1105 (10th Cir. 2009). The SEC submits that the same reasoning should apply now with respect to Plaintiff's requests for a temporary restraining order and a preliminary injunction.

We thank you for your consideration of this letter.

Dated:  June 15, 2015

Respectfully submitted

---

[1] As to Plaintiff's submission to this Court of an affidavit by the SEC's Deputy Chief Operating Officer, Jayne L. Seidman, that the SEC's Division of Enforcement submitted to the Commission in another administrative proceeding, the government acknowledges that there is no factual dispute in this case regarding ALJ Elliot's appointment. Consistent with his status as an employee, and as described in the affidavit, Judge Elliot was not appointed by the Commissioners of the SEC.

- 4 -

PREET BHARARA
United States Attorney

JEANNETTE A. VARGAS
Assistant United States Attorney
U.S. Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Fl.
New York, NY 10007
Telephone: (212) 637-2678
Facsimile:  (212) 637-2702

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

KATHLEEN R. HARTNETT
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

SUSAN K. RUDY
Assistant Director, Federal Programs Branch

 /s/ *Jean Lin*
JEAN LIN
JUSTIN M. SANDBERG
ADAM GROGG
STEVEN A. MYERS
MATHEW J. BERNS
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., N.W.
Washington, DC 20530
Phone: (202) 514-3716
Fax: (202) 616-8202
Email: jean.lin@usdoj.gov