USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
BARBARA DUKA,

              Plaintiff,

      -against-

U.S. SECURITIES AND EXCHANGE
COMMISSION,

             Defendant.
------------------------------------------------------------X

15 Civ. 357 (RMB)(SN)

**DECISION & ORDER**

Having reviewed the record herein, including **(i)** Plaintiff Barbara Duka's ("Plaintiff" or "Duka") complaint, dated January 16, 2015, which alleged that administrative proceedings conducted by the Securities and Exchange Commission ("SEC" or "Government" or "Defendant") violate Article II of the Constitution because the SEC administrative law judges ("ALJs" or "SEC ALJs") who are responsible for adjudicating those proceedings "enjoy at least two layers of tenure protection," (Compl., dated Jan. 16, 2015 ("Compl."), ¶ 3); **(ii)** the Court's Decision & Order, dated April 15, 2015 ("Decision & Order"), which found that the Court has subject matter jurisdiction "to examine Duka's plea that the SEC administrative proceedings against her be halted but [also] . . . that Duka is not entitled to preliminarily enjoin the SEC proceedings because she is 'unlikely to succeed on the merits' of her constitutional claim," (Decision & Order at 2–3); **(iii)** Plaintiff's Amended Complaint, filed June 10, 2015, which included a (newly-asserted) claim that "[i]n contravention of the Appointments Clause [of Article II of the Constitution], SEC ALJ s have not been appointed by the SEC Commissioners,"

1

(Am. Compl., dated June 10, 2015, ¶ 5)[1]; **(iv)** the SEC's motion to dismiss (including its opposition to Plaintiff's application for preliminary injunctive relief), dated July 1, 2015, (Br. in Support of Mot. to Dismiss, dated July 1, 2015); **(v)** Plaintiff's opposition to the SEC's motion to dismiss (including its application for preliminary injunctive relief), dated July 15, 2015, (Br. in Opposition of Mot. to Dismiss, dated July 15, 2015); **(vi)** the Government's reply, dated July 22, 2015 (Government's Reply Br., dated July 22, 2015); **(vii)** Plaintiff's letter to the Court, dated July 27, 2015, which stated that "Chief ALJ Murray . . . was appointed as Chief Administrative Law Judge by the Commission on March 20, 1994" (Letter to the Court, dated July 27, 2015, at 2); and **(vii)** applicable legal authorities, **the Court hereby denies the SEC's motion to dismiss.**[2]

## I. Subject Matter Jurisdiction

This Court confirms the reasoning and conclusions set forth in its Decision & Order. The Court perceives no new facts or legal authorities that would warrant reconsideration, including, most respectfully, two recent decisions in the Southern District of New York in Tilton v. S.E.C., No. 15-CV-2472 RA, 2015 WL 4006165 (S.D.N.Y. June 30, 2015) and Spring Hill Capital Partners, LLC, et al. v. SEC, 1:15-cv-04542, ECF No. 24 (S.D.N.Y June 29, 2015). The Court finds persuasive the reasoning in Hill v. S.E.C., No. 1:15-CV-1801-LMM, 2015 WL 4307088, at *6 (N.D. Ga. June 8, 2015) ("Congress did not intend to . . . prevent Plaintiff from raising his collateral constitutional claims in the district court.").

---

[1] Some SEC ALJs appear to have been appointed by the SEC. (See Letter to the Court, dated July 27, 2015, quoted in this Decision & Order at **(vii)**.). Others, including those involved in Duka's case, i.e. ALJs Cameron Elliot and James E. Grimes, arguably were not appointed by the SEC. (Letter to the Court, dated July 28, 2015, at 1.)

[2] The parties have agreed that the motion to dismiss will be decided on submission. (See Tr. of Proceedings, dated June 17, 2015, at 25.)

The Court has subject matter jurisdiction to evaluate Plaintiff's application for (declaratory and injunctive) relief. Among other reasons, Plaintiff has no opportunity for meaningful judicial review. See Decision & Order at 10; see also Hill, 2015 WL 4307088, at *8 ("[w]aiting until the harm Plaintiff alleges cannot be remedied is not meaningful judicial review.").[3] Duka's claim is that these "administrative proceedings are unconstitutional in all instances." (Decision & Order at 13.) Seeking to halt ALJ proceedings based upon alleged constitutional violations cannot reasonably be characterized as the "regular" or "routine" business of SEC administrative proceedings and is, in any case, unrelated to the securities violations underlying Duka's administrative proceeding.

## II. Appointments Clause Violation

The Court stated in its Decision & Order that "[t]he Supreme Court's decision in Freytag v. Commissioner, 501 U.S. 868 (1991), which held that a Special Trial Judge of the Tax Court was an 'inferior officer' under Article II, would appear to support the conclusion that SEC ALJs are also inferior officers." (Decision & Order, at 16.) The Court here concludes that SEC ALJs are "inferior officers" because they exercise "significant authority pursuant to the laws of the United States." Freytag, 501 U.S. at 881. (See Decision & Order, at 16.) The SEC ALJs'

---

[3] In addition, SEC determinations which have been reviewed on appeal to the D.C. Circuit and the Second Circuit are (anecdotally, to be sure) often upheld. See, e.g, Pierce v. S.E.C., 786 F.3d 1027 (D.C. Cir. 2015) ("[p]ursuant to the Administrative Procedure Act, the Commission's legal conclusions are set aside if they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [and] [t]he findings of the Commission as to the facts, if supported by substantial evidence, are conclusive.") (internal quotations omitted); Siris v. S.E.C., 773 F.3d 89 (D.C. Cir. 2014); Amundsen v. S.E.C., 575 F. App'x 1 (D.C. Cir. 2014); Altman v. S.E.C., 666 F.3d 1322, 1325 (D.C. Cir. 2011); Ricupero v. S.E.C., 436 F. App'x 31 (2d Cir. 2011); VanCook v. S.E.C., 653 F.3d 130 (2d Cir. 2011); Katz v. S.E.C., 647 F.3d 1156 (D.C. Cir. 2011); Glodek v. U.S. S.E.C., 416 F. App'x 95 (2d Cir. 2011); Robles v. S.E.C., 411 F. App'x 337 (D.C. Cir. 2010); Riordan v. S.E.C., 627 F.3d 1230 (D.C. Cir. 2010); Gonchar v. S.E.C., 409 F. App'x 396 (2d Cir. 2010).

positions are "established by [l]aw," including 5 U.S.C. §§ 556, 557 and 15 U.S.C. § 78d-1(a), and "the duties, salary, and means of appointment for that office are specified by statute." Id.; see also 5 U.S.C. § 5372. And, ALJs "take testimony, conduct trials, rule on the admissibility of evidence, and have the power to enforce compliance with discovery orders." Freytag, 501 U.S. at 881. "In the course of carrying out these important functions, the [ALJs] exercise significant discretion." Id.; see also Hill, 2015 WL 4307088, at *17 ("like the STJs in Freytag, SEC ALJs exercise 'significant authority.'"). The Court is aware that Landry v. FDIC, 204 F.3d 1125 (D.C. Cir. 2000) is to the contrary.

The Appointments Clause in Article II provides: "[T]he Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." Constitution, Art. II, § 2, cl. 2. It is well-settled that the Appointments Clause provides the exclusive means by which inferior officers may be appointed. See Buckley v. Valeo, 424 U.S. 1, 138–9 (1976) ("Congress may undoubtedly . . . provide such method of appointment to those 'offices' as it chooses. But Congress' power under that Clause is inevitably bounded by the express language of Art. II, s 2, cl. 2, and unless the method it provides comports with the latter, the holders of those offices will not be 'Officers of the United States.' They may, therefore, properly perform duties only . . . in an area sufficiently removed from the administration and enforcement of the public law as to permit their being performed by persons not 'Officers of the United States.'"). For purposes of the Appointments Clause, the SEC is a "Department" of the Executive Branch, and the Commissioners function as the "Head" of that Department. See Free Enterprise Fund v. Pub. Co. Accounting Oversight Bd., 561 U.S. 477, 512–513 (2010).

There appears to be no dispute that the ALJs at issue in this case are **not** appointed by the the SEC Commissioners. Indeed, in an Affidavit, dated June 4, 2015 that was taken in In the Matter of Timbervest, LLC et al, Jayne L. Seidman, Deputy Chief Operating Officer of the SEC, stated that, "[b]ased on [her] knowledge of the Commission's ALJ hiring process, [SEC] ALJ [Cameron] Elliot was not hired through a process involving the approval of the individual members of the Commission." In the Matter of Timbervest, LLC et al., Admin. Proc. File No. 3-15519 (attached as Ex. 1 to Am. Compl., dated June 10, 2015).[4]

As noted above, after thoroughly reviewing facts quite similar to those presented here, United States District Judge Leigh Martin May concluded that "Freytag mandates a finding that the SEC ALJs exercise 'significant authority' and are thus inferior officers" and that, because SEC ALJs are "not appropriately appointed pursuant to Article II, [their] appointment is likely unconstitutional in violation of the Appointments Clause." Hill, 2015 WL 4307088, at *18–19. Judge May granted the plaintiff's motion to enjoin the plaintiff's SEC administrative proceeding. (Id. at 43.)

Judge May also determined that "the ALJ's appointment could be easily cured by having the SEC Commissioners issue an appointment or preside over the matter themselves." (Id. at 44.) Plaintiff's counsel in the instant case reached the same conclusion at a conference held on June 17, 2015, stating that "I think that [having the Commissioners appoint the ALJs] is one of [the easy cures]." (See Tr. of Proceedings, dated June 17, 2015, at 4.) And, it appears that the Commission is reviewing its options regarding potential "cures" of any Appointments Clause violation(s). (See Tr. of Proceedings, dated June 17, 2015, at 10.)

---

[4] The same appears to be true with regard to ALJ Grimes (See Letter, dated July 28, 2015.)

5

### III. Conclusion & Order

**For the foregoing reasons, the Court denies the SEC's motion to dismiss [#47].** The Court reserves judgment on Plaintiff's application for a preliminary injunction and/or imposition of such an injunction for 7 days from the date hereof to allow the SEC the opportunity to notify the Court of its intention to cure any violation of the Appointments Clause. The parties are directed not to proceed with Duka's SEC proceeding in the interim.

Dated: New York, New York
August 3, 2015

*/s/ RMB*

**RICHARD M. BERMAN, U.S.D.J.**