# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Daniel Goldman
Direct Dial: (212) 370-0336
Cell:       (973) 476-5485
dgoldman@pkbllp.com

August 10, 2015

BY ECF

Honorable Richard M. Berman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *Barbara Duka v. U.S. Securities and Exchange Commission*, 15 Civ. 357 (RMB)

Dear Judge Berman:

On behalf of our client Barbara Duka, we respectfully submit this letter to (a) respond briefly to the SEC's letter to the Court of today ("8/10 Letter"); and (2) augment the record concerning two recent orders issued by Honorable Leigh Martin May of the United States District Court for the Northern District of Georgia.

1. The SEC's letter, submitted in response to this Court's Decision & Order dated August 3, 2015 (Dkt. No. 57) ("August Order"), confirms that the Commission is unwilling to cure the Appointments Clause violation in issue here, and, if not enjoined, "plans to move forward with Ms. Duka's administrative proceeding." *See* 8/10 Letter. As a distraction, the SEC offers the response that the "constitutional challenge" is currently before the SEC, but that, at this time, "the Commission has not issued a decision or otherwise taken any public action on these questions." Whether the Appointments Clause challenge is before the SEC is irrelevant. The Commission cannot be expected to take a different position from the position that has already been repetitively advanced by its own lawyers before this Court.

Absent immediate injunctive relief, Ms. Duka will continue to be compelled to submit to an unconstitutional proceeding, with her participation deepening substantially this week and in the coming weeks. On August 12, 2015, Ms. Duka will be required to file her witness list, exhibit list, and any expert report(s). She will then need to seek SEC ALJ Grimes' approval to issue trial subpoenas for each of the witnesses that appear on her witness list. On August 19, 2015, Ms. Duka will be required to file motions *in limine*, and any objections to exhibits and witnesses. On August 26, 2015, Ms. Duka will be required to file oppositions to any motions *in limine* and any responses to any objections to witnesses, experts or exhibits. Then, on September 2, 2015, Ms. Duka will be required to submit her pre-hearing brief. On September 9, 2015, Ms.

Honorable Richard M. Berman
August 10, 2015; Page 2

Duka will be required to file any stipulations, and on September 16, 2015, the trial in the Administrative Proceeding will commence.

The SEC's refusal to cure the Appointments Clause violation, combined with the tangible burdens currently being imposed on Ms. Duka, well warrants the issuance of an injunction forthwith.[1]

2. On August 4, 2015, Judge May entered the order attached hereto as Exhibit 1 in *Hill v. SEC*, 15 Civ. 1801 (LMM), Dkt. No. 44 (N.D. Ga. June 8, 2015) ("*Hill*"), in which she denied the SEC's Motion to Stay Preliminary Injunction Pending Appeal. Judge May held that the SEC did not make a "strong showing" that it was "likely to succeed on the merits," and that the SEC would not be "irreparably injured" absent a stay because the SEC Commissioners could appoint SEC ALJ Grimes, the SEC Commissioners could preside over the administrative proceeding, or the SEC could proceed against the plaintiff in district court. *See id*. at 3-4. On August 5, 2015, for the reasons set forth in *Hill v. SEC*, 15 Civ. 1801 (LMM), 2015 WL 4307088, at *1 (N.D. Ga. June 8, 2015), Judge May issued the order attached hereto as Exhibit 2 in *Gray Financial Group, et al. v. SEC*, 15 Civ. 492 (LMM), Dkt. No. 56 (N.D. Ga. Aug. 4, 2015) (*Gray Financial*) enjoining the SEC from conducting an administrative proceeding on the grounds that SEC ALJ Elliot was not appointed in accordance with the Appointments Clause. As in *Hill* and *Gray Financial*, this Court, respectfully, should enter an order today enjoining the SEC from conducting the Administrative Proceeding.

Respectfully submitted,

Daniel Goldman

Encs.

cc:     All Counsel (by ECF)

---

[1]     Importantly, that the Court should issue an injunction immediately flows directly from this Court's ruling on subject matter jurisdiction. *See* Decision & Order, dated April 15, 2015, at 10-11 (Dkt. No. 33) ("The Court of Appeals obviously would not be able, upon appellate review of any final SEC order, to enjoin the SEC from conducting the Administrative Proceeding, as Duka asks this Court to do. And, while the Court of Appeals could, presumably, vacate an adverse decision (order) by the SEC on constitutional grounds, it would be unable to remedy the harm alleged by Plaintiff in this Court, i.e., the 'substantial litigation and resource burdens incurred during [the] administrative proceeding,' and the 'reputational harm' associated with her defending the Administrative Proceeding."); *see* August Order at 2-3 ("This Court confirms the reasoning and conclusions set forth in its Decision & Order."). Issuance of an immediate injunction, respectfully, follows from this ruling and the SEC's posture.