# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES L. HILL, JR., : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:15-CV-1801-LMM |
| SECURITIES AND EXCHANGE : | |
| COMMISSION, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case comes before the Court on the Securities and Exchange Commission ("SEC")'s Motion to Stay Preliminary Injunction Pending Appeal [33] and Unopposed Motion to Stay Proceedings Pending Appeal [39]. After a review of the record and due consideration, the Court enters the following Order:

On June 8, 2015, this Court entered an Order granting in part and denying in part Plaintiff's request for a preliminary injunction. Dkt. No. [28]. Specifically, the Court found, *inter alia*, that Plaintiff had shown a likelihood of success on the merits that Plaintiff's SEC ALJ was not properly appointed under the Appointments Clause of the Constitution and entered an Order enjoining the SEC from "from conducting the administrative proceeding brought against Plaintiff, captioned In the Matter of Charles L. Hill, Jr., Administrative Proceeding File No. 3-16383 (Feb. 11, 2015), including the hearing scheduled for June 15, 2015, before

an Administrative Law Judge who has not been appointed by the head of the Department." Order, Dkt. No. [28] at 44. The SEC now moves this Court pursuant to Federal Rule of Civil Procedure 62(c) to stay this injunction pending appeal.

### 1. Legal Standard

Federal Rule of Civil Procedure 62(c) governs the granting of a stay of an injunction pending appeal and provides in relevant part:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights.

"A stay is not a matter of right, even if irreparable injury might otherwise result." Nken v. Holder, 556 U.S. 418, 434 (2009) (citing Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issu[uance] is dependent upon the circumstances of the particular case.'" Id. (internal citations omitted). The Court's discretion is guided by sound legal principles that have been distilled into consideration of the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

The movant bears a "heavy burden" and "must establish *each* of these four elements in order to prevail." Larios v. Cox, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004) (citing Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc)); see also Nken, 556 U.S. at 433–34 (2009) ("The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.").

In addition, "[a]lthough the first factor (*i.e.*, a strong showing of likelihood of success on the merits) is generally the most important, the movant need not always show that [it] probably will succeed on the merits of [the] appeal." Gonzalez ex rel. Gonzalez v. Reno, No. 00-11424, 2000 WL 381901, at *1 (11th Cir. Apr. 19, 2000) (citing Garcia-Mir v. Mees*e*, 781 F.2d 1450, 1453 (11th Cir. 1986)). When the balance of the equities weighs in favor of granting the stay, the movant need only show a substantial case on the merits. Larios, 305 F. Supp. 2d at 1337. On the other hand, "[t]he more the balance of equities (represented by the other three factors) tilts in [the opposing party's] favor, the greater the movant's burden to shown a likelihood of success on the merits." Id.

In addition, the latter two factors (*i.e.*, harm to the opposing party and weighing the public interest) merge when the Government is the opposing party, such as in the case *sub judice*. Nken, 556 U.S. at 435.

**II. Discussion**

The Court finds that a stay of the preliminary injunction pending appeal is not warranted. First, for the reasons stated in this Court's Order in this case, Dkt. No. [28], and the reasons the Court has since stated in two other very similar

3

cases, Gray Financial Group, Inc. v. SEC, No. 1:15-cv-492-LMM, and Timbervest, LLC v. SEC, 1:15-cv-2106, the Court finds that the SEC has not made a strong showing it is likely to succeed on the merits. As well, the Court notes that the SEC is only foreclosed from conducting an administrative proceeding in front of an ALJ who was not appointed by the SEC itself—the SEC Commissioners may conduct the hearing against Plaintiff at any time or appoint the SEC ALJ directly. They may also elect to bring their claims in district court. Thus, the Court does not find the SEC is irreparably injured or the public interest is affected as the SEC still has a channel to pursue Plaintiff—even through an administrative proceeding if it chooses. However, if the stay is lifted, Plaintiff would have to participate in a likely unconstitutional proceeding which would cause a substantial injury. Thus, the SEC's Motion to Stay [33] is **DENIED**.

### III. Conclusion

The SEC's Motion to Stay Preliminary Injunction Pending Appeal [33] is **DENIED**, and the SEC's Unopposed Motion to Stay Proceedings Pending Appeal [39] is **GRANTED**. The Clerk is **DIRECTED** to administratively close this case pending appeal. Within 30 days after the Eleventh Circuit issues its Opinion, the parties are **DIRECTED** to file a status report.

**IT IS SO ORDERED** this 4th day of August, 2015.

LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

4