```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
BARBARA DUKA,

                Plaintiff,

    - against -

U.S. SECURITIES AND EXCHANGE
COMMISSION,

                Defendant.
------------------------------------------------------x

15 Civ. 357 (RMB) (SN)

**DECISION & ORDER GRANTING
PRELIMINARY INJUNCTION**

       For the reasons set forth in **(i)** the Court's Decision & Order, dated April 15, 2015 ("April Decision & Order"), which found that the Court has subject matter jurisdiction "to examine Duka's plea that the SEC administrative proceedings against her be halted," (April Decision & Order at 2-3) and **(ii)** the Court's Decision & Order, dated August 3, 2015 ("August Decision & Order"), which (1) found that "[the] SEC ALJs are 'not appropriately appointed pursuant to Article II, [and their] appointment is likely unconstitutional in violation of the Appointments Clause,'" (August Decision & Order at 5), and (2) "reserve[d] judgment on Plaintiff's application for a preliminary injunction . . . for 7 days from the date [t]hereof to allow the SEC the opportunity to notify the Court of its intention to cure any violation of the Appointments Clause," (August Decision & Order at 6), and the full record herein, and in light of the letter dated August 10, 2015 from the SEC to the Court, **the Court hereby enters a preliminary injunction against Defendants** for the following reasons, among others:

       A preliminary injunction is appropriate because Plaintiff has made a sufficient showing that she faces irreparable harm and is likely to succeed on the merits. See Ger-Nis Int'l, LLC v.

1

FJB, Inc., No. 07 Civ. 898, 2007 WL 656851, at *1 (S.D.N.Y. Mar. 1, 2007); JSG Trading Corp. v. Tray-Wrap, Inc., 917 F.2d 75, 79 (2d Cir. 1990).

### I. Irreparable Harm

Without an injunction, Plaintiff would not only be forced into an unconstitutional proceeding, but would be unable to recover monetary damages from this harm as the SEC possesses sovereign immunity. See Lipkin v. U.S. S.E.C., 468 F. Supp. 2d 614, 625 (S.D.N.Y. 2006); John E. Andrus Mem'l, Inc. v. Daines, 600 F. Supp. 2d 563, 572 fn. 6 (S.D.N.Y. 2009) ("Plaintiff is unable to collect a judgment for monetary damages in this action because Defendant is . . . entitled to sovereign immunity . . . Thus, in addition to the actual and imminent harms established by the record, irreparable harm may be presumed here because the only relief available to the [Plaintiff] is injunctive."). Moreover, if the administrative proceeding is not enjoined, Plaintiff's requested relief would be rendered moot as the Court of Appeals would be unable to enjoin a proceeding which has already occurred. April Decision & Order at 12 (citing Martin–Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed.")).

### II. Likelihood of Success on the Merits

Plaintiff asserts two claims under Article II of the Constitution: (1) that the ALJs' appointments violate the Appointments Clause because the ALJs, as "inferior officers" under Article II, may only so preside on due and proper appointment by a constitutional Officer, here, the Commission, and (2) that the ALJs' two levels of tenure protection violate the Constitution's separation of powers, specifically the President's power to appoint and remove Executive branch officers.

2

Plaintiff's arguments turn on this Court's finding that an ALJ is an "inferior officer." See U.S. Const. art. II § 2, cl. 2; Freytag v. Comm'r of Internal Revenue, 501 U.S. 868, 880 (991). As recognized in the Court's August Decision & Order, "the SEC ALJs are 'inferior officers' because they exercise 'significant authority pursuant to the laws of the United States.'" August Decision & Order at 3 (citing Freytag, 501 U.S. at 881). This Court's findings were supported by determinations that (1) the SEC ALJs' positions are "established by law," including 5 U.S.C. §§ 556, 557 and 15 U.S.C. § 78d-1(a), (2) "the duties, salary, and means of appointment for that office are specified by statute," specifically 5 U.S.C. § 5372, and (3) in the course of carrying out their "important functions," ALJs "take testimony, conduct trials, rule on the admissibility of evidence, and have the power to enforce compliance with discovery orders." Freytag, 501 U.S. at 881; see 17 C.F.R. § 200.14(a). In so holding, the Court found persuasive the opinion of United States District Judge Leigh Martin May, who, in Hill v. S.E.C., No. 1:15-CV-1801-LMM, 2015 WL 4307088 (N.D. Ga. June 8, 2015), after reviewing facts strikingly similar to those presented here, concluded that "Freytag mandates finding that the SEC ALJs exercise 'significant authority' and are thus inferior officers" and, because ALJs are "not appropriately appointed pursuant to Article II, [their] appointment is likely unconstitutional in violation of the Appointments Clause. Hill, 2015 WL 4307088, at *18-19.[1]

Under the Appointments Clause in Article II: "[T]he Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." Constitution, Art. II, § 2, cl. 2. It is well-settled that

---

[1] The Court further notes that more recently, in Gray Financial Group, et al. v. S.E.C., 15-CV-492-LMM, Dkt. No. 56 (N.D. Ga. Aug. 4, 2015), Judge May reiterated that "Freytag mandates a finding that the SEC ALJs exercise 'significant authority' and are thus inferior officers," and therefore held that "[b]ecause SEC ALJs are inferior officers, the Court finds Plaintiffs have established a likelihood of success on the merits of their Appointments Clause claim." Gray Financial, 15-CV-492 at 33, 35.

3

the Appointments Clause provides the exclusive means by which inferior officers may be appointed. See Buckley v. Valeo, 424 U.S. 1, 138-9 (1976) ("Congress may undoubtedly . . . provide such method of appointment to those 'offices' as it chooses. But Congress' power under that Clause is inevitably bounded by the express language of Art. II, s. 2, cl. 2, and unless the method it provides comports with the latter, the holders of those offices will not be 'Officers of the United States.' They may, therefore, properly perform duties only . . . in an area sufficiently removed from the administration and enforcement of the public law as to permit their being performed by persons not 'Officers of the United States.'"). Therefore, as SEC ALJs are inferior officers, their appointments must be made by the President, courts of law, or department heads.

Here, the Court has determined that the ALJs at issue were not appointed by the SEC Commissioners. See August Decision & Order at 5. As they were not appropriately appointed pursuant to Article II, their appointment is likely unconstitutional in violation of the Appointments Clause.

As to Plaintiff's second claim, that the ALJs' two level tenure protections violate Article II's Executive appointment and removal powers, the Court finds no basis to reconsider the holding of its April Decision & Order, which found "no basis for concluding, as [Plaintiff] urges, that the statutory restrictions upon removal of SEC ALJs are 'so structured as to infringe the President's constitutional authority.'" April Decision & Order at 20.

### III. Conclusion & Order

Because the Court finds Plaintiff has demonstrated irreparable harm along with a substantial likelihood of success on the merits of her claim that the SEC has violated the Appointments Clause, the Court finds a preliminary injunction is appropriate to enjoin the SEC administrative proceeding.

It is hereby **ORDERED** that Defendant, the U.S. Securities and Exchange Commission, is preliminarily enjoined from in any way further pursuing the pending administrative proceeding against Plaintiff, captioned In the Matter of Barbara Duka, Admin. Proc. File No. 3-16349 (Jan. 21, 2015), including the hearing scheduled for September 16, 2015.

The parties are requested to appear in this Court for a scheduling conference on Wednesday, September 16, 2015 at 12:00 p.m.

Dated: New York, New York
August 12, 2015

*RMB*
**RICHARD M. BERMAN, U.S.D.J.**