

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Avenue
Washington, DC 20530

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: **8/27/15**

August 26, 2015

**VIA ECF**

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

**MEMO ENDORSED**
*p. 4*

Re:  *Duka v. SEC*, No. 15-cv-357 (RMB)

Dear Judge Berman:

The Securities and Exchange Commission (the "SEC") respectfully writes to request a
pre-motion conference at the earliest possible date with respect to the SEC's contemplated
motion to stay pending appeal the preliminary injunction ("PI") entered by this Court on August
12, 2015 [Dkt No. 60]. Federal Rule of Appellate Procedure 8(a)(1) provides that a party
ordinarily seek such a stay from the District Court before requesting it in the Court of Appeals.

This Court has discretion to stay the PI pending appeal, Fed. R. Civ. P. 62(c), upon
considering: "(1) whether the stay applicant has made a strong showing that he is likely to
succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3)
whether issuance of the stay will substantially injure the other parties interested in the
proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776
(1987). This Court ruled that Plaintiff is likely to prevail on her claim that the SEC
administrative law judge ("ALJ") who is presiding over the initial stage of her administrative
proceeding is an inferior officer not appointed in accordance with Article II of the Constitution.

The SEC has appealed and is likely to prevail in the Second Circuit. To start, the district
court lacks jurisdiction over this matter, as the Seventh Circuit recently held in a case involving

- 1 -

constitutional challenges to an SEC administrative proceeding (including an Article II challenge to the presiding ALJ). Relying upon the Supreme Court's decisions in *Elgin v. Department of Treasury*, 132 S. Ct. 2126 (2012), and *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010), the Seventh Circuit ruled that it is "fairly discernible" from the securities laws that "Congress intended plaintiffs [bringing Article II challenges to SEC administrative proceedings] 'to proceed exclusively through the statutory review scheme' set forth in 15 U.S.C. § 78y." *Bebo v. SEC*, -- F.3d --, 2015 WL 4998489, at *1 (7th Cir. Aug. 24, 2015) (quoting *Elgin*, 132 S. Ct. at 2132-33). In so ruling, the Seventh Circuit rejected the basis upon which this Court found jurisdiction, holding instead that judicial review is not inadequate merely because it occurs after the allegedly unconstitutional administrative proceeding had taken place. *Id.* at *9. The Seventh Circuit's decision is in accord with binding Second Circuit precedent, as the Second Circuit has held that the securities laws generally require respondents in SEC administrative proceedings "to bring challenges in the Court of Appeals or not at all." *Altman v. SEC*, 687 F.3d 44, 45-46 (2d Cir. 2012) (per curiam). In accordance with *Altman*— which this Court did not cite—the only other judges in this Court to have considered the precise question here have likewise held that they have no jurisdiction. *See Tilton v. SEC*, No. 1:15-cv-02472, 2015 WL 4006165 (S.D.N.Y. June 30, 2015) (Abrams, J.), *appeal pending*, No. 15-2103 (2d Cir.); Order, *Spring Hill Capital Partners, LLC v. SEC*, No. 1:15-cv-04542, ECF No. 23 (S.D.N.Y June 29, 2015) (Ramos, J.). In light of this overwhelming precedent, the SEC is likely to prevail on the jurisdictional issue.

Second, the SEC is likely to prevail on the merits because SEC ALJs are not inferior officers. Indeed, the Court noted that its decision conflicts with the reasoning of the only court of appeals to consider the constitutional status of any agency's ALJs, *Landry v. FDIC*, 204 F.3d 1125, 1132-34 (D.C. Cir. 2000). August 3 Opinion [Dkt. 57] at 4. This Court concluded that SEC ALJs are analogous to the Tax Court's special trial judges, who were held to be inferior officers

- 2 -

in *Freytag v. Commissioner*, 501 U.S. 868 (1991). *See id.* at 3-4. SEC ALJs' authority, however, pales in comparison to that of special trial judges, because, among other things, SEC ALJs do not possess final decision-making authority. *See* SEC MTD Brief at 16-20, ECF No. 48. In addition, an ALJ is acting merely in aid of his employing agency, which retains plenary authority over the entire administrative process.

All of the other factors favor a stay. The SEC the has expended significant resources in preparing for the administrative enforcement hearing, and the PI causes irreparable harm because it interferes with the SEC's ability to enforce the securities laws and to deter future violations. The SEC alleges that Plaintiff, the former head of Standard & Poor's ("S&P") Commercial Mortgage Backed Securities ratings group, violated anti-fraud provisions of the securities laws. The SEC has a statutory duty to ensure that Nationally Recognized Statistical Rating Organizations ("NRSROs") such as S&P and their affiliates comply with statutory and regulatory obligations. In discharging such duties, the SEC has sought to bar Plaintiff from associating with an NRSRO in the future. The SEC and the public have a strong interest in the prompt adjudication of the SEC's allegations and whether such a bar is appropriate to protect investors and promote integrity in the ratings industry. In contrast, Supreme Court precedent establishes that any cost to Plaintiff of participating in the administrative proceeding does not constitute irreparable harm. *See FTC v. Standard Oil Co. of Cal.*, 449 U.S. 232 (1980).

In light of the ongoing harm suffered by the SEC during the pendency of the preliminary injunction, the SEC respectfully requests that the Court expedite its consideration of this request. Respectfully submitted,

- 3 -

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Director, Federal Programs Branch

SUSAN K. RUDY
Assistant Director, Federal Programs Branch

JEAN LIN
JUSTIN SANDBERG
ADAM A. GROGG
MATTHEW J. BERNS
STEVEN A. MYERS
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., N.W., Room 7302
Washington, DC 20530
Phone: (202) 514-5838
Fax: (202) 616-8202

PREET BHARARA
United States Attorney

_Jeannette Vargas_
JEANNETTE A. VARGAS
Assistant United States Attorney
U.S. Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Fl.
New York, NY 10007
Telephone: (212) 637-2678
Facsimile:  (212) 637-2702
Email:  jeannette.vargas@usdoj.gov

Cc:  Nelson A. Boxer, Esq. (by email and ECF)
Guy Petrillo, Esq. (by email and ECF)

Plaintiff to respond by Sept. 1, 2015.

We can discuss at Sept. 16 conference

No stay is granted in interim.

SO ORDERED:
Date: 8/27/15

Richard M. Berman, U.S.D.J.

- 4 -