# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Daniel Goldman
Direct Dial: (212) 370-0336
Cell:         (973) 476-5485
dgoldman@pkbllp.com

September 1, 2015

BY ECF

Honorable Richard M. Berman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Barbara Duka v. U.S. Securities and Exchange Commission*, 15 Civ. 357 (RMB)

Dear Judge Berman:

      On behalf of our client Barbara Duka, and in connection with the Court's Order dated August 27, 2015, *see* Dkt. No. 65, we respectfully submit this letter to respond to the SEC's letter to the Court dated August 26, 2015 ("8/26 Letter"). In sum, the SEC, which seeks a stay pending appeal under Rule 62(c) of the Federal Rules of Civil Procedure ("Rule 62(c)"), does not begin to meet the demanding standard under that Rule. Indeed, the SEC's application merely amounts to a motion to reconsider and reverse the Court's Order of August 12, 2015 (Dkt. No. 60) ("August 12 Order"), and is made not because there is new material information for the Court to consider, but only because the SEC seeks to satisfy the requirement of the federal appellate rules that appellants seek relief from an injunction in the district court before requesting the same from a Court of Appeals. Fed. R. App. P. 8(a)(1). As set forth below, the SEC's application has no merit.

      "A party seeking a stay pending appeal under Rule 62(c) of the Federal Rules of Civil Procedure bears a difficult burden." *Disability Advocates, Inc. v. Paterson*, No. 03-CV-3209, 2010 WL 933750, at *1 (E.D.N.Y. Mar. 11, 2010) *citing United States v. Private Sanitation Indus. Ass'n*, 44 F.3d 1082, 1084 (2d Cir. 1994). Most commonly, given this heavy burden, such "stay requests will be denied." *See Optimum Shipping & Trading, S.A. v. Prestige Marine Servs. Pte. Ltd.*, 613 F. Supp. 2d 502, 503 (S.D.N.Y. 2009) (internal quotation marks omitted).

      Here, the factors weigh heavily against a stay.

      To begin with, the SEC is not likely to succeed on the merits. To date, the Court has received **six** legal memoranda addressing jurisdiction, and this Court has now held twice that it has subject matter jurisdiction over the claims raised by Ms. Duka in this action. *See* Decision &

Honorable Richard M. Berman
September 1, 2015; Page 2

Order dated April 15, 2015 at 10-15 (Dkt. No. 33) ("April 15 Decision"); Decision & Order dated August 3, 2015 at 2-3 (Dkt. No. 57) ("August 3 Decision"). And, in denying the SEC's motion to dismiss the amended complaint in the August 3 Decision, the Court specifically noted that it had considered the decisions issued in *Tilton v. SEC*, No. 15-CV-2472, 2015 WL 4006165 (S.D.N.Y. June 30, 2015) ("*Tilton*") and *Spring Hill Capital Partners, LLC, et al. v. SEC*, 15-CV-04542, (Dkt. No. 24) (S.D.N.Y June 29, 2015) ("*Spring Hill*"), and found the reasoning in *Hill v. SEC*, No. 15-CV-1801, 2015 WL 4307088 (N.D. Ga. June 8, 2015) more persuasive. *See* August 3 Decision at 2. Therefore, that the Seventh Circuit in *Bebo v. SEC*, -- F.3d --, 2015 WL 4998489 (7th Cir. Aug. 24, 2015) (*Bebo*) found jurisdiction lacking on the same grounds as in *Tilton* and *Spring Hill* adds nothing new.[1]

In addition, the SEC's reliance on the Second Circuit's decision *Altman v. SEC*, 687 F.3d 44 (2d Cir. 2012) (per curiam) (*Altman*) is misplaced. *See* 8/26 Letter at 2. *Altman* dealt exclusively with an action filed in district court only after the SEC had issued a final order imposing a lifetime ban. *See Altman*, 687 F.3d at 44-45 ("At the time his complaint was filed, the SEC had banned Altman . . . ."); *Altman v. SEC*, 768 F. Supp. 2d 554, 558 (S.D.N.Y. 2011). In the April 15 Decision, this Court stated that the issue of "whether the Court has subject matter jurisdiction over Plaintiff's constitutional claim for injunctive and declaratory relief" is "separate and apart from a federal court's jurisdiction to review any orders which may be issued by the SEC in the Administrative Proceeding." *See* April 15 Decision at 10. Furthermore, *Altman* ruled that its prior decision in *Touche Ross & Co. v. SEC*, 609 F.2d 570 (2d Cir. 1979) (*Touche Ross*) "did not apply." *See Altman*, 687 F.3d at 46. Here, however, this Court correctly found that *Touche Ross* applies in support of the exercise of subject matter jurisdiction:

> The Government argues unconvincingly that a party in Ms. Duka's shoes "must patiently await the denouement of proceedings within the [administrative agency].'" (Gov't Opp'n. at 10 (quoting *Chau*, 2014 WL 6984236, at *12).) Second Circuit precedent appears to refute such a rule. *Touche Ross & Co. v. S.E.C.*, 609 F.2d 570, 577 (2d Cir. 1979) ("[T]o require appellants to exhaust their administrative remedies would be to require them to submit to the very procedures which they are attacking.").

*See* April 15 Decision at 14 n. 12.

Moreover, the SEC omits to mention that following Judge May's denial of the SEC's Motion to Stay Preliminary Injunction Pending Appeal, *Hill v. SEC*, 15-CV-1801, (Dkt. No. 44) (N.D. Ga. June 8, 2015), three judges of the Eleventh Circuit (on a fully-briefed motion from the SEC) unanimously refused to lift the *Hill* injunction. *See Hill v. SEC*, No. 15-12831-CC (11th Cir. Aug. 10, 2015) (SEC's "'Motion to Stay Preliminary Injunction Pending Appeal' is DENIED"). Contrary to the SEC's suggestion, therefore, "overwhelming precedent," *See* 8/26 Letter at 2, does **not** favor the SEC's position on subject matter jurisdiction.

---

[1] Notably, none of *Tilton*, *Spring Hill* or *Bebo* considered Ms. Duka's argument that review of her Appointments Clause challenge before a Court of Appeals following an administrative proceeding would not be meaningful because the SEC could invoke the *de facto* officer doctrine to confer validity on the proceeding. *See* Memorandum of Law in Support of Plaintiff Barbara Duka's Motion for a Preliminary Injunction and in Opposition to the Securities and Exchange Commission's Motion to Dismiss the Amended Complaint, at 8-9 (Dkt. No. 51).

Honorable Richard M. Berman
September 1, 2015; Page 3

Next, along with its request that this Court reverse itself on the jurisdictional question, the SEC also asks this Court to reverse its ruling that SEC ALJs are inferior officers. *See* 8/26 Letter at 2-3. For the reasons set forth in the August 3 Decision and the August 12 Order, this Court correctly held that SEC ALJs are inferior officers.

Concerning the final two factors under Rule 62(c), the SEC asserts that this Court should lift the injunction because (1) the injunction causes the SEC irreparable harm, as "it interferes with the SEC's ability to enforce the securities laws and to deter future violations," and (2) the "SEC and the public have a strong interest in the prompt adjudication of the SEC's allegations."[2] *See* 8/26 Letter at 3. These arguments are meritless because the SEC can easily take steps to avoid any alleged harm and vindicate the public interest, namely, (1) the SEC Commissioners could appoint SEC ALJ Grimes, (2) the SEC Commissioners could preside over the administrative proceeding, or (3) the SEC could proceed against the plaintiff in federal court. *See Hill v. SEC*, 15 Civ. 1801 (LMM), Dkt. No. 44 (N.D. Ga. June 8, 2015). On the other hand, as this Court has noted, absent an injunction, (i) Ms. Duka will be "forced into an unconstitutional proceeding" without the ability "to recover monetary damages from this harm as the SEC possesses sovereign immunity," and (ii) her "requested relief would be rendered moot" because the Court of Appeals "would be unable to enjoin a proceeding which has already occurred." *See* August 12 Decision at 2.

The SEC has not met and cannot meet the standard under Rule 62(c) for entry of a stay pending appeal. Accordingly, we respectfully submit that the injunction should remain in place pending the SEC's appeal.

Respectfully submitted,

Daniel Goldman

Encs.

cc:     All Counsel (by ECF)

---

[2] In arguing that the public interest favors lifting the injunction, the SEC states, without any basis, that "it has sought [in the administrative proceeding] to bar Plaintiff from associating with an NRSRO in the future." *See* 8/26 Letter at 3. This requested relief has not been pleaded and in any event would be based on flawed allegations of no merit.