

**U.S. Department of Justice**

Civil Division
Federal Programs Branch
20 Massachusetts Ave, N.W.
Washington, DC 20530

September 10, 2015

**VIA ECF**

The Honorable Richard M. Berman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:     *Duka v. SEC*, No. 15-cv-357 (RMB)

Dear Judge Berman:

On August 12, 2015, this Court issued a preliminary injunction ("PI") enjoining the Securities and Exchange Commission ("SEC") from proceeding with Plaintiff's administrative proceeding. This Court has scheduled a case management conference as well as a pre-motion conference for the SEC's contemplated motion to stay the PI pending appeal for September 16, 2015, at 12:00 pm. Pursuant to this Court's rules of practice, the SEC now respectfully requests that this Court also address at that same conference the SEC's planned motion to stay all proceedings (except the SEC's motion to stay the PI) pending appeal.[1]

Because the SEC's answer deadline is also September 16, 2015, and because the SEC anticipates that the Court will decide how this case is to proceed at the September 16 conference, the SEC further requests that the Court extend its answer deadline until a date to be determined during the September 16 conference, or, in the alternative, two weeks after the conference.

---

[1] When requesting a pre-motion conference for its planned motion to stay the PI pending appeal on August 26, 2015, the SEC did not simultaneously request a conference for its motion to stay proceedings pending appeal because the parties were negotiating how best to proceed in this case. As of the filing of this letter, the parties were still unable to reach agreement.

Indeed, if this Court grants the motion to stay proceedings, that would obviate the SEC's need to answer the amended complaint at least until the Second Circuit decides the appeal.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997). The decision whether to issue a stay pending appeal is therefore firmly within a district court's discretion. *Catskill Mountains Chapter of Trout Unlimited, Inc. v. EPA*, 630 F. Supp. 2d 295, 304 (S.D.N.Y. 2009); *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). In deciding whether to stay proceedings, courts consider: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Catskill Mountains Chapter*, 630 F. Supp. 2d at 304; *Finn v. Barney*, No. 08–CV–2975, 2008 WL 5215699, at *2 (S.D.N.Y. Dec. 8, 2008). "In balancing these . . . factors on a case-by-case basis, the basic goal is to avoid prejudice." *LaSala*, 399 F. Supp. 2d at 427. Consideration of these overlapping factors strongly suggests that this Court should exercise its discretion to stay proceedings pending appeal.

Permitting the Second Circuit to address whether Plaintiff is likely to prevail on the merits (including whether this Court has jurisdiction) before the parties litigate this case to final judgment would serve the interests of judicial economy. If the Second Circuit finds that district courts lack jurisdiction over challenges to SEC administrative proceedings like Plaintiff's, that ruling will obviate further proceedings in this case. If, on the other hand, the Second Circuit finds district court jurisdiction in this case, then it will address whether the SEC administrative law judges are inferior officers under Article II of the Constitution, which will bear significantly on this Court's consideration of Plaintiff's Article II claims. Because the Second Circuit's decision is likely to have a significant if not dispositive impact on this case, a stay would conserve the resources of both the parties and the Court.

- 3 -

Moreover, the stay will not be "unreasonably long," *Landis*, 299 U.S. at 258. Not only does Defendant intend to request expedition of its appeal in the Second Circuit, but the Second Circuit has already scheduled argument on September 16, 2015, in *Tilton v. SEC*, No. 15-2103 (2d Cir.), which presents the identical jurisdictional issue as this case. Further, there would be no prejudice to Plaintiff if the district court proceedings are stayed. This case raises only purely legal issues about which there is no factual dispute. Thus, a stay is not likely to significantly affect the amount of time that it will take to litigate this matter.

We thank you for your consideration of this request for a pre-motion conference and the request for an extension of time to answer the amended complaint.

Dated:  September 10, 2015

Respectfully submitted,

PREET BHARARA                                   BENJAMIN C. MIZER
United States Attorney                          Principal Deputy Assistant Attorney General

JEANNETTE A. VARGAS                             JENNIFER D. RICKETTS
Assistant United States Attorney                Director, Federal Programs Branch
U.S. Attorney's Office
Southern District of New York                   SUSAN K. RUDY
86 Chambers Street, 3rd Fl.                     Assistant Director, Federal Programs Branch
New York, NY 10007
Telephone: (212) 637-2678                        _/s/ *Jean Lin*_____
Facsimile:  (212) 637-2702                      JEAN LIN
                                                JUSTIN M. SANDBERG
                                                ADAM GROGG
                                                STEVEN MYERS
                                                MATTHEW BERNS
                                                U.S. Department of Justice, Civil Division,
                                                     Federal Programs Branch
                                                20 Mass. Ave., N.W.
                                                Washington, DC 20530
                                                Phone: (202) 514-3716
                                                Fax: (202) 616-8202
                                                Email: jean.lin@usdoj.gov